## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JONATHAN OLIN JEAN FELIX,**
**D.O.C. # H36781,**

    **Plaintiff,**

**vs.**                                        **Case No. 4:22cv438-WS-MAF**

**FLORIDA DEPARTMENT**
**OF CORRECTIONS,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, *see* ECF No. 4, was directed to file an amended complaint. ECF No. 8. The Order explained that the Department of Corrections was not an appropriate Defendant to be sued under § 1983, and was immune from suit by force of the Eleventh Amendment. Carr v. City of Florence, Alabama, 916 F.2d 1521, 1524 (11th Cir. 1990). Accordingly, Plaintiff was required to file an amended complaint, naming only those persons who were involved in the events about which he complains, and to provide more facts to clarify his claims. ECF No. 8. Plaintiff was given until April 14, 2023, to comply. *Id.*

As of this date, nothing further has been received from Plaintiff and it appears that Plaintiff has abandoned this litigation.

Plaintiff was warned that his failure to comply with that Order could result in a recommendation of dismissal of this action. *Id.* Thus, dismissal is appropriate.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991) (quoted in Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009)). "The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Properties, 556 F.3d at 1240 (citing Fed. R. Civ. P. 41(b)). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011). Here Plaintiff was

forewarned and did not comply with a Court Order.  Dismissal is

appropriate.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for

failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on April 27, 2023.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:22cv438-WS-MAF